UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

AUBREY JEROME LAMB,

Plaintiff,

Case No. 23-cv-614-pp

v.

PLEASANT PRAIRIE POLICE DEPARTMENT,
OFFICER STEPHAN MCKINNON,[1]
OFFICER HEATHER BERQ, OFFICER PELKY,
OFFICER PAUL, JOHN T CRONIN
and GRETCHEN H SCHULTE

Defendants.

---

**ORDER DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS ORIGINAL COMPLAINT (DKT. NO. 19), DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT (DKT. NO. 26), SCREENING AMENDED COMPLAINT (DKT. NO. 21) AND DISMISSING CASE**

---

On May 15, 2023, the plaintiff—who is representing himself—filed a complaint alleging that various police officers used unreasonable force against him during two incidents in the late 1990s. Dkt. No. 1. On April 10, 2024, the court screened the original complaint and determined that it failed to state a claim for which a federal court could grant relief. Dkt. No. 17. The court gave the plaintiff the opportunity to file an amended complaint but instructed him that "he must not attempt to serve that amended complaint" until the court

---

[1] The original complaint named "Steve McKinnon" as a defendant, while the amended complaint named "Officer Stephan McKinnon." Dkt. Nos. 1, 21. Based on the content of the original and amended complaints, it appears that "Steve McKinnon" and "Officer Stephan McKinnon" are the same person. Id.

screens it and "concludes that the [amended] complaint states a viable claim against any defendants[.]" Id. at 19-20. On April 16, 2024, the plaintiff filed an amended complaint, largely repeating the allegations in the original complaint but adding five defendants, two of whom appear to be the plaintiff's former coworkers. Dkt. No. 21. This order screens the amended complaint and will dismiss the plaintiff's complaint for failure to state a claim upon which a federal court can grant relief and lack of subject matter jurisdiction. The order will also deny as moot the defendants' motions to dismiss. Dkt. Nos. 19, 26.

## I. Background

### A. Original Complaint (Dkt. No. 1)

On May 15, 2023, the plaintiff filed the original complaint, which named the "Pleasant Prairie Police Department" and "Steve McKinnon" as defendants. Dkt. No. 1. The body of the original complaint was composed of two typed letters detailing the plaintiff's factual allegations. Id. at 3-6. These letters described two times the plaintiff interacted with police officers, one on December 9, 1998 and another on March 30, 1999. Id.

Regarding the incident that occurred on December 9, 1998, the plaintiff explained that Gretchen Schulte—who appears to have been the plaintiff's coworker at a Super Value warehouse—called the police after a dispute with the plaintiff. Id. at 3, 5. The plaintiff claimed that Schulte yelled that he should not be in an office in the warehouse and then she harassed him and grabbed his wrist. Id. at 5. The plaintiff says that he "pushed [Schulte] off" and then "went back to [his] duties." Id. When officers from the Pleasant Prairie Police

Department arrived, the plaintiff told them his side of the story and then officers took the plaintiff to a police car, where he "was detained . . . without being handcuffed." Id. The plaintiff spoke to an officer who was "very angry or disturbed" and who "accused [the plaintiff] of battering Gretchen Schulte[.]" Id. The plaintiff told the officer that Schulte "put her hands on [him]" and asked the officer to "let [him] out of the vehicle." Id. The plaintiff alleged the officer "opened the back door" for him. Id. "As soon as [the plaintiff] step[ped] out of the vehicle," officers "pepper sprayed" the plaintiff and "grabbed [him] by the chest of [sic] the right shoulder[.]" Id. The plaintiff "defended [him]self and ran around the office perimeter due to lack of vision and breath." Id. The plaintiff yelled he was "going to sue" the officers while he ran. Id. One of the officers chased the plaintiff "back to north entrance of the office." Id. This officer "grabbed [the plaintiff] into a lower position and all the other officers bruitaley [sic] beat [the plaintiff] in the back, the head," while the plaintiff told them he "couldn't breath [sic]." Id. The officers "kept hitting [the plaintiff] and pepper spraying [him] again and again intill [sic] [he] was unconscious." Id.

Regarding the March 30, 1999 incident, the plaintiff explained that while he "was on [his] way to work" he "saw red and blue flashes from a Racine Police Dept. Vehicle, meaning to pull over." Id. at 3, 6. The plaintiff "immeadiately [sic] . . . pulled over and waited." Id. at 3. The plaintiff observed "about fifteen state and County vehicles had blocked the intersection one block before Ohio street going west." Id. The plaintiff stated that he still is "not aware of who was in back of [his] vehicle, [he] could'nt [sic] see anything." Id. The plaintiff "was

wondering if an officer was going to tell [him] what was the problem" but "no police officers approached a vehicle." Id. The plaintiff "waited for two or more hours in the vehicle patiently." Id. at 6. The plaintiff asserts that "[a]ll of a sudden, [the plaintiff] was shot in the back cheer gased [sic] and brutailey [sic] in the growing [sic] by Racine, WI. City Police Officers." Id. at 3. The plaintiff "was taken to St. Lukes Hospital for a 2.5 cm puncture wound in the back" where he "was treated while handcuffed." Id. at 6. The plaintiff was "[p]laced in Racine County Jail and sent to Winnebago Mental Health Institute." Id. The plaintiff was "[t]eated for puncture wound . . . later was bleeding from the growing sack." Id.

The original complaint alleged various claims but did not link them to any particular person or entity. Id. at 3-6. The original complaint did not identify any officers in recounting the two incidents; it did not explain which officers took which actions. Id. For relief, the plaintiff requested $30 million and for some type of police reform relating to race. Id. at 7.

B. The Court's Original Screening Order (Dkt. No. 17)

On April 10, 2024, the court screened the original complaint and determined it failed to state a claim upon which a federal court may grant relief. Dkt. No. 17. The court clarified that "[f]ederal courts are courts of limited jurisdiction." Id. at 10. It opined that "[s]ome of the plaintiff's claims sound like state law claims" and that "[t]he court can exercise 'supplemental' jurisdiction over such state-law claims only if the plaintiff also has brought claims over which the court has original jurisdiction." Id. at 11. The court explained that,

"[b]ecause the parties in this case are not from different states, the court will have original jurisdiction only if the plaintiff has alleged that the defendants violated federal law or the federal Constitution." Id. It said, "[t]he way that a plaintiff can bring claims of constitutional violations against state government employees is through 42 U.S.C. §1983, a federal civil rights statute." Id.

The court observed that the plaintiff appeared to be alleging a Fourth Amendment violation under 42 U.S.C. §1983 and that the plaintiff named only the "Pleasant Prairie Police Department" and "Steve McKinnon" as defendants. Id. at 4-5, 11-15. The court explained that "[b]ecause the Pleasant Prairie Police Department is not a suable entity under Wisconsin law, the plaintiff may not proceed against it, regardless of his claims." Id. at 12-13 (citing Federal Rule of Civil Procedure 17(b)(3); Whiting v. Marathon Cnty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004)). The court stated, however, that it would "give the plaintiff an opportunity to amend his complaint to name a suable person or entity, such as the specific Pleasant Prairie Police officer or officers who allegedly violated his rights." Id. at 13. The court also explained that the original complaint contained minimal details about "Steve McKinnon," recounting that "the body of the complaint does not explain who Steve McKinnon is, what his job is or whether he had any involvement with either of the alleged incidents." Id. at 14. Because the original complaint did not provide any detail about McKinnon's involvement, the court concluded the plaintiff had not stated a claim against him. Id. at 14-15 (citing Collins v. Kibort, 143 F.3d 331, 334 (7th Cir. 1998)). Because the plaintiff failed to state a claim against

either the "Pleasant Prairie Police Department" or "Steve McKinnon," the court advised the plaintiff that it would dismiss his case unless he filed an amended complaint. Id. at 20.

At the end of the order, the court detailed the procedure for filing an amended complaint and cautioned the plaintiff that based on the facts alleged in the original complaint, his claims likely were time-barred. Id. at 15-20. The court explained that at the time of the events described in the original complaint, Wisconsin law gave a plaintiff six years to file a §1983 lawsuit and stated:

> The allegations in the plaintiff's complaint involve incidents that occurred on December 9, 1998 and March 30, 1999. Dkt. No. 1 at 3-6. The more recent incident occurred approximately twenty-four years before May 15, 2023 (the date on which the plaintiff filed his complaint in federal court). *On the face of the complaint, the plaintiff's claims are time-barred because he did not file his lawsuit within six years after his causes of action accrued.*
>
> . . . .
>
> "The application of a statute of limitations is an affirmative defense." Lewis, 637 F. App'x at 944. "Only when the outcome is uncontestable should a district court apply a statute of limitations to dismiss a lawsuit before the defendants have been served with process." Id. (citations omitted). *Because the court is giving the plaintiff one chance to amend his complaint to state a claim, it will not dismiss the case as time-barred at this point. But if it is "evident" from the face of the amended complaint that the plaintiff's claims are time-barred, the court may dismiss the case.* See Dickens [v. Illinois], 753 F. App'x [390,] 392 [(7th Cir. 2018)] (affirming a district court's dismissal of a complaint as time-barred prior to service on the defendant because the fact that the complaint was time-barred was eviden[t] on the face of the complaint).

Id. at 16-17 (emphasis added). The court informed the plaintiff it would screen a timely-filed amended complaint and that "[i]f the court concludes that the

complaint states a viable claim against any defendants, it will notify the plaintiff so that he may serve the defendants against whom the court allows him to proceed." Id. at 19-20.

C. Amended Complaint (Dkt. No. 21)

On April 16, 2024, the court received the plaintiff's amended complaint. Dkt. No. 21. The amended complaint names "Pleasant Prairie Police Department" and "Officer Stephan McKinnon" as defendants, but adds "employees' Super Value Warehouse—Kenosha, WI 53144—Employees'," Officer Heather Berq, Officer Pelky, Officer Paul, Mr. John T. Cronin and Mrs. Gretchen H. Schulte. Id. at 1-2. The amended complaint clarifies that the named officers work for the Pleasant Prairie Police Department and the two non-officers work for the Super Value warehouse. Id. at 2.

The amended complaint alleges all the defendants "tried to hurt [sic], kill and suffocate [the plaintiff] with pepperspray, also they all jumped [him], beat [him] untill [sic] unconscious from pepperspray exposure." Id. at 2. The next sentence reads, "December 9, 1998. At Super Value WhareHouse right next to Pleasant Praire [sic] Police Dept. on Green Bay Rd. In Kenosha, Wisconsin 53144[.]" Id. The next four pages of the amended complaint consist of two typed letters from the plaintiff—one to an attorney in Racine, Wisconsin and the other to "Administrative Law Judge." Id. at 3-6. These letters are almost identical to the two letters in the original complaint. *Compare* Dkt. No. 1 at 3-6 *with* Dkt. No. 21 at 3-6. These letters—like the ones in the original complaint—describe interactions the plaintiff had with police officers and the Super Value

employees on December 9, 1998 and March 30, 1999. Dkt. No. 21 at 3-6. These letters still do not identify which defendants took what specific actions, beyond reiterating the plaintiff's previous allegations against Gretchen Schulte. Id. The letters, and the amended complaint as a whole, do not describe any events in addition to those that occurred on December 9, 1998 and March 30, 1999. Id. at 1-9.

The amended complaint states that the plaintiff is suing for a violation of federal law under 28 U.S.C. §1331 and requests the following relief:

> I'm asking the court to expunge Case No: 99-CF-305 Racine County Circuit Courts because of false accusations from Kenosha Pleasant Prairie Police Department and officers stateing [sic] I was armed and dangerous. Racine police officers on March 30, 1999 shot me in the back – (2.5.cm puncture wound in my back.) I had no weapons on me, except for my security enforcement badge. Witness—Attorney Patrick Cafferty—observed gun wound under a padded splint patch, in Racine County Jail./I would like to be awarded 30 million dollars for being beaten, knock unconscious, suffocated, intimidated on the job and almost killed by white supremist and cult impersonating police police [sic] officers. The reason why I say this because they all didn't have uniform patches or a badge just a blue uniform. Please lockup these individuals or subjects and convict time period.

Id. at 8.

## II. Legal Standard

Under 28 USC §1915(e)(2)(B) a district court has "the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." Rowe v. Shake, 196 F.3d 778, 783 (7th Cir.1999). "The purpose of such screening is to identify claims that are legally 'frivolous or malicious,' that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief." Deidre A.

Cooper v. Forest Cnty. Potawatomi Hotel & Casino, Case No. 23-CV-1611, 2023 WL 8891433, at *1 (E.D. Wis. Dec. 26, 2023) (quoting 28 U.S.C. §1915(e)(2)(B)); see also Hoskins v. Poelstra, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). A district court may "dismiss frivolous or transparently defective suits spontaneously . . . even when the plaintiff has paid all fees for filing and service[.]" Hoskins, 320 F.3d at 763; see also Khor Chin Lim v. Hellenbrand, Case No. 12-C-0296, 2012 WL 3113180, at *4 (E.D. Wis. July 31, 2012) (rejecting a non-prisoner plaintiff's argument "that his payment of the filing fee insulates his complaints from dismissal for frivolousness or failure to state a claim under 28 U.S.C. §1915(e)(2)(B)").

Section 1915(e)(2)(B) states that, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that— . . . the action or appeal— . . . fails to state a claim on which relief may be granted[.]" 28 USC §1915(e)(2)(B)(ii). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that he is entitled to relief. Fed. R. Civ. P. 8(a)(2). A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To state a claim, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663-64. In evaluating plausibility, the court looks to the complaint as well as to "documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." Williamson v. Curran, 714 F.3d 432, 436 (7th Cir. 2013). A complaint filed by a person who is representing himself must be "liberally construed," and a complaint filed by someone representing himself, "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

A plaintiff ordinarily need not anticipate and attempt to plead around affirmative defenses. Chi. Bldg. Design v. Mongolian House, Inc., 770 F.3d 610, 613 (7th Cir. 2014). However, a narrow exception applies when "the allegations of the complaint . . . set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations." United States v. Lewis, 411 F.3d 838, 842 (7th Cir. 2005); see also Chi. Bldg. Design, 770 F.3d at 614 (holding

that dismissal based on an affirmative defense is appropriate when the plaintiff "affirmatively plead[ed] himself out of court"). So, a court may dismiss a complaint if it is "evident" from the face of the complaint that a plaintiff's claims are time-barred. Dickens, 753 F. App'x at 392 (affirming a district court's dismissal of a complaint as time-barred prior to service on the defendant because the fact that the complaint was time-barred was evident on the face of the complaint); see also Brooks v. Ross, 578 F.3d 574, 579 (7th Cir. 2009) ("We find it appropriate here to consider the statute of limitations because the relevant dates are set forth unambiguously in the complaint.").

The court also must determine whether it has subject matter jurisdiction, because "[s]ubject-matter jurisdiction is the first issue in any case[,]" Miller v. Southwest Airlines Co., 926 F.3d 898, 902 (7th Cir. 2019), and the court has "an independent obligation to determine that jurisdictional requirements are satisfied[,]" Knopick v. Jayco, Inc., 895 F.3d 525, 528 (7th Cir. 2018). "[S]ubject matter jurisdiction is a fundamental limitation on the power of a federal court to act," Del Vecchio v. Conseco, Inc., 230 F.3d 974, 980 (7th Cir. 2000), that "cannot be waived, forfeited, or consented to by the parties," Fortier v. Terani L. Firm, 732 F. App'x 467, 468 (7th Cir. 2018). "Subject-matter jurisdiction is so central to the district court's power to issue any orders whatsoever that it may be inquired into at any time, with or without a motion, by any party or by the court itself." Craig v. Ontario Corp., 543 F.3d 872, 875 (7th Cir. 2008). "If the court determines at any time that it lacks

subject-matter jurisdiction, the court *must* dismiss the action." Fed. Civ. R. 12(h)(3) (emphasis added).

As courts of limited jurisdiction, federal courts have subject-matter jurisdiction in two primary types of cases: (1) cases alleging violations of federal laws or the federal Constitution ("federal question" jurisdiction under 28 U.S.C. §1331) and (2) cases between citizens of different states which involve an amount in controversy exceeding $75,000.00 ("diversity" jurisdiction under 28 U.S.C. §1332). When a plaintiff alleges violations of *state* statutory or common law in *federal* court, the federal court may hear and decide those *state-law* claims only if the plaintiff also has alleged claims over which the federal court has diversity or federal question jurisdiction and the state-law claims are "so related" to the diversity or federal question claims that "they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367. Generally, "when [a case's] federal claims are dismissed before trial, there is a presumption that the court will relinquish jurisdiction over any remaining state law claims." Dietchweiler by Dietchweiler v. Lucas, 827 F.3d 622, 631 (7th Cir. 2016).

## III. Analysis

### A. Claims against Pleasant Prairie Police Department

The court will dismiss the plaintiff's claims against the Pleasant Prairie Police Department because a police department is not a suable entity. As the court explained in its order screening the original complaint,

> [d]efendants in a federal lawsuit must have the legal capacity to be sued, and the "law of the state where the court is located"

> determines that capacity for entities that are not individuals or corporations. Fed. R. Civ. P. 17(b)(3); see also DeGenova v. Sheriff of DuPage Cnty., 209 F.3d 973, 976 n.2 (7th Cir. 2000) ("The federal courts look to state law to determine if a defendant is amenable to suit."). Under Wisconsin law, a police department does not have the capacity to be sued. See Whiting v. Marathon Cnty. Sheriff's Dep't, 382 F.3d 700, 704 (7th Cir. 2004) (stating a sheriff's department "is not a legal entity separable from the county government which it serves and is therefore, not subject to suit"). Because the Pleasant Prairie Police Department is not a suable entity under Wisconsin law, the plaintiff may not proceed against it, regardless of his claims.

Dkt. No. 17 at 12-13. Nothing has changed since the court issued that order. The court must dismiss the plaintiff's claims against the Pleasant Prairie Police Department because it is not a suable entity.

B. Claims Against Police Officers

The court will dismiss the plaintiff's claims against the four named Pleasant Prairie police officers because it is evident on the face of the amended complaint that these claims are time-barred. As he did in the original complaint, dkt. no. 17 at 11-16, in the amended complaint the plaintiff appears to be alleging §1983 claims[2] against the Pleasant Prairie Police Department and

[2] Some of the relief the plaintiff requests cannot be addressed through a §1983 lawsuit. He asks this federal court to expunge his 1999 state court conviction. Dkt. No. 21 at 8. State law—Wis. Stat. §973.015(2m)—governs expungement of state-court convictions. If the plaintiff wants his conviction expunged, he should apply through the state. https://docs.legis.wisconsin.gov/misc/lc/issue_briefs/2021/courts_and_criminal_law/ib_expungement_ph_2021_01_26. In fact, the public record reflects that the plaintiff knows this. See State of Wisconsin v. Aubrey Lamb, Racine County Circuit Court Case No. 1999CF000305 (available at https://wcca.wicourts.gov). The record for this case shows that the plaintiff has tried multiple times to get that conviction expunged but has been denied. See Id. (specifically the entries for July 24, 2007; February 6, 2013; May 9, 2023 and June 12, 2023). The plaintiff also asks the court to "lockup" the defendants and "convict them period." Dkt. No. 21 at 8. Incarceration is not relief a court may grant through a civil suit. If the plaintiff wants the defendants criminally prosecuted and convicted, he must

several of its officers, dkt. no. 21 at 2-6. He seeks damages "for being beaten, knock unconscious, sufficated [sic], intimidated on the job and almost killed by White Supremist and cults impersonating police officers." Dkt. No. 21 at 8. That sounds a bit like a claim that the officers (despite the plaintiff's questions about whether they were, in fact, police officers) violated the plaintiff's Fourth Amendment rights by using excessive force against him. But he makes this claim based on an incident that occurred approximately twenty-four years before he filed the current lawsuit.

In a §1983 case, "state law provides the applicable statute of limitations;" the federal court looks to the "statute of limitations for personal injury actions in the state where the alleged injury occurred." Milchtein v. Milwaukee County, 42 F.4th 815, 822 (7th Cir. 2022) (quoting Behv. Inst. of Ind., LLC v. Hobart City of Common Council, 406 F.3d 926, 929 (7th Cir. 2005)). In Wisconsin, Wis. Stat. §893.53 imposes a six-year limitation period.[3] Id. That statute requires a plaintiff to file his §1983 lawsuit within six years "after the cause of action accrues." Id. ("Accrual of a §1983 claim . . . occurs 'when the plaintiff knows or should know that his or her constitutional rights have been violated.'" (quoting Kelly v. City of Chicago, 4 F.3d 509, 511 (7th Cir. 1993)). Based on the amended complaint's allegations, the six-year period for the plaintiff's claims

---

report any alleged criminal activity to a prosecutor (an Assistant District Attorney or an Assistant United States Attorney), who will decide whether there is a basis for criminal prosecution.

[3] In 2018, the statute was amended to reduce the limitation period from six to three years, but the plaintiff's allegations date back to 1998 and 1999, so the pre-2018 version of the limitation period applies.

would have expired in March 2005. The plaintiff filed this lawsuit on May 15, 2023, eighteen years after the six-year period expired. In its order screening the original complaint, the court detailed some circumstances that can temporarily "toll"—pause—a limitation period. Dkt. No. 17 at 16. Even if those circumstances were present here, the plaintiff still filed this lawsuit outside of the applicable statute of limitations. See Walberg v. St. Francis Home, Inc., 281 Wis. 2d 99, 110 (Wis. 2005) (stating that "when a person's mental disability ceases, the action must be commenced within two years" but that "the underlying period of limitation *still cannot be extended more than five years*" (emphasis added) (citing Wis. Stat. §893.16(1)). The plaintiff's claims against Officers McKinnon, Berq Pelky and Paul are time-barred and the court will dismiss them.

C. Claims Against Plaintiff's Co-Workers

Assuming the plaintiff intended to sue the defendants under §1983 for violation of his civil rights, the court had original jurisdiction over the plaintiff's §1983 claims against the Pleasant Prairie police officers because the claims raised a federal question. See 28 U.S.C. §1331; Hero v. Lake Cnty. Election Bd., 42 F.4th 768, 775 (7th Cir. 2022) (noting that "Section 1983 provides a cause of action, which suffices to grant federal-question jurisdiction"). Because Schulte and Cronin are not government officials and were not "act[ing] under color of state law," the plaintiff cannot sue them under §1983. See London v. RBS Citizens, N.A., 600 F.3d 742, 746 (7th Cir. 2010) (stating that "[b]ecause § 1983 actions may only be maintained against defendants who act under color

of state law, the defendants in § 1983 cases are usually government officials" and that "although private persons may also be sued under §1983 when they act under color of state law, they may not be sued for merely private conduct, no matter how discriminatory or wrongful" (internal citations and quotation marks omitted)). Any claims the plaintiff may be alleging against Schulte and Cronin would be state law tort claims. See Boyd v. City of Milwaukee, Case No. 18-C-1763, 2019 WL 403719, at *3 (E.D. Wis. Jan. 31, 2019) (discussing the Wisconsin tort law claims of assault and battery). The court can exercise "supplemental jurisdiction" over the plaintiff's state law tort claims only if the court has original jurisdiction over any of any of his other live claims. See 28 U.S.C. §1367. "[W]hen only state law claims remain after federal claims have dropped out of the case, the district court enjoys broad discretion whether to relinquish supplemental jurisdiction over the state law claims." Dietchweiler, 827 F.3d at 631. Because the court is dismissing the plaintiff's federal §1983 claims, the court relinquishes supplemental jurisdiction over any potential state law tort claims against defendants Schulte and Cronin and will dismiss the claims for lack of subject matter jurisdiction.

## IV. Conclusion

The court **DISMISSES WITH PREJUDICE** the plaintiff's claims against defendants Pleasant Prairie Police Department, Officer Stephan McKinnon, Officer Heather Berq, Officer Pelky and Officer Paul for failure to state a claim upon which a federal court can grant relief.

The court **RELINQUISHES** supplemental jurisdiction over the plaintiff's state law claims.

The court **DISMISSES WITHOUT PREJUDICE** the plaintiff's claims against defendants Gretchen H. Schulte and John T. Cronin for lack of subject-matter jurisdiction.

The court **DENIES AS MOOT** the motion to dismiss the original complaint filed by defendants Pleasant Prairie Police Department and Steve McKinnon. Dkt. No. 19.

The court **DENIES AS MOOT** the motion to dismiss the amended complaint filed by defendants Pleasant Prairie Police Department and Stephan McKinnon. Dkt. No. 26.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 15th day of July, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**